### In re GILLETTE.

District Court, S. D. California, S. D. June 19, 1926.

No. 8287-H.

Bankruptcy ⟲217(½)—Court may stay foreclosure of liens or mortgages for better protection of bankrupt estate.

It is proper in bankruptcy proceedings to restrain for a reasonable time action on mortgages or other forms of contracts having lien security against property of an alleged bankrupt, where it reasonably appears that some equity value may be saved to the bankrupt estate, without causing the lien claimant to suffer loss.

In Bankruptcy. In the matter of Waldo A. Gillette, alleged bankrupt. On application of receiver for order restraining sale of property in foreclosure proceedings. Application granted.

E. O. Leake, of Los Angeles, Cal., for petitioning creditors.

R. B. Turnbull, of Los Angeles, Cal., for bankrupt.

Frank P. Doherty, of Los Angeles, Cal., for receiver Marxen.

JAMES, District Judge. The receiver appointed herein, and authorized to have possession of the property of the alleged bankrupt pending hearing on the involuntary petition, has asked that the Union Mortgage Compay, as beneficiary, and the Title Guaranty & Trust Company, as trustee, be restrained from selling certain real property in which it is claimed the alleged bankrupt has some interest. Certain affidavits have been filed in support of the petition of the receiver touching the value of the property affected, from which it would appear that there is a large equity over and above the amount of the debt secured by the trust deed.

The principal contention made by the receiver, however, is (and he alleges his information in support thereof) that the transaction by which the Union Mortgage Company became possessed of the trust deed was tainted with usury. Assuming that to be a fact, it is insisted that the receiver is entitled to have all proceedings of sale under the trust deed stayed until the maturity of the principal obligation, which event will not occur for more than a year. It is because of the default in interest and tax charges that the Union Mortgage Company is proposing to foreclose the interest of the maker of the trust deed.

The question of usury and its effect upon the interest of the lender involves a controversy having directly to do with a right of property. It would be inappropriate in my opinion for the court to assume to decide that issue in a summary proceeding. The Union Mortgage Company denies the facts alleged as constituting usury, and it is entitled to try that question upon issues properly framed and with the witnesses before the court. Until an independent action is so brought there can be no definite determination of that matter. However, the court has always the right, and it is proper in bankruptcy proceedings, to restrain for a reasonable time action upon mortgages or other forms of contracts having lien security against property of an alleged bankrupt, where it reasonably appears that some equity value may be saved to the bankrupt estate without causing the lien claimant to suffer loss or diminution of his security.

Under the showing made by affidavits here, it appears reasonably that there may be a considerable equity value over and above the amount presently due to the owner of the trust deed. And it does not appear that the trust deed holder can reasonably suffer loss by refraining from foreclosing the interest of the maker of the trust deed, until the question of insolvency can be determined and a trustee be brought into existence with power to initiate an independent action to test the question of usury, or to satisfy the debt and retake the property in the interest of the creditors if such then appears practicable.

It is ordered that the Uinon Mortgage Company, a corporation, and the Title Guaranty & Trust Company, a corporation, be and they are restrained and enjoined from proceeding to sell, under the terms of the trust deed described in these proceedings and

the temporary restraining order made on the 21st day of May, 1926, the property described as lots 1 and 2 of tract 3238, as per map recorded in Book 37, at page 20, of Maps, in the office of the county recorder of Los Angeles county, until the 1st day of August, 1926, or until the further order of the court made herein.

This order is made without prejudice to the right of said Union Mortgage Company and the Title Guaranty & Trust Company to move to modify the same for sufficient cause representing changed conditions, and is without prejudice to the right of the receiver to apply for an extension of the restraint effected hereby, in the event an adjudication is not made upon the involuntary petition prior to the 1st day of August, 1926.